IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY, | ) | Case No. 04-11300 (JKF) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Chapter 11 |
| In re | ) | |
| | ) | Case No. 04-12440 |
| FLINTKOTE MINES LIMITED, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## JOINT MOTION OF THE FLINTKOTE COMPANY AND FLINTKOTE MINES LIMITED FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION AND (II) APPLYING CERTAIN ORDERS IN THE CHAPTER 11 CASE OF THE FLINTKOTE COMPANY TO THE CHAPTER 11 CASE OF FLINTKOTE MINES LIMITED

The Flintkote Company ("Flintkote") and Flintkote Mines Limited ("Mines"),

each a debtor and debtor-in-possession in a separately filed chapter 11 case (collectively, the

"Debtors"), hereby jointly move this Court (the "Motion") for entry of an order (i) directing the

joint administration of their respective chapter 11 cases and (ii) applying certain orders entered in

the chapter 11 case of Flintkote in and to the chapter 11 case of Mines to facilitate joint

administration of the two cases. In support hereof, the Debtors submit the Affidavit of David J.

Gordon ("Gordon Affidavit"), which is filed concurrently herewith. In further support hereof,

the Debtors respectfully state as follows:

## Status of Case and Jurisdiction

1.     On May 1, 2004, Flintkote filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. That same day, Flintkote also filed various motions and applications seeking typical "first day" orders. Flintkote's case is pending before the Honorable Judith K. Fitzgerald under Case No. 04-11300 (the "Flintkote Case"). The factual background regarding Flintkote, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the Affidavit of David J. Gordon in Support of First Day Motion (Flintkote Docket No. 2), which is incorporated herein by reference.

2.     On August 25, 2004 (the "Petition Date"), Mines, the wholly-owned subsidiary of Flintkote, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

3.     Each of Flintkote and Mines continues in possession of its assets and continues to manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in the Debtors' respective cases. On May 18, 2004, the Office of the United States Trustee appointed an Official Committee of Asbestos Personal Injury Claimants (the "Committee") in the Flintkote Case (Flintkote Docket No. 54). Additionally, Flintkote filed an application to appoint James J. McMonagle as the legal representative for future asbestos claimants (the "Futures Representative") (Flintkote Docket No. 135). Flintkote filed a Certificate of No

Objection regarding the Futures Representative application on August 24, 2004. (Flintkote Doc. No. 185).

4.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for relief requested herein are § 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 1015-1 (the "Local Rules").

**Background of Mines**

**A.     Overview**

5.     Each of Flintkote and Mines filed a chapter 11 case with the same principal objective: to confirm a joint plan of reorganization that will create a trust under section 524(g) of the Bankruptcy Code to fairly and equitably treat the claims of their respective current and future asbestos-related personal injury claims and provide a means by which to realize upon the value of their respective assets (including shared insurance) for the benefit of such claimants. The Debtors have filed this Motion in order to facilitate the orderly and efficient administration of their respective cases.

**B.     Summary of Mines' Historical Operations**

6.     Mines was incorporated under Quebec law in 1945 as a wholly-owned subsidiary of Flintkote for the purpose of mining and supplying raw asbestos fiber to Flintkote. From approximately 1946 until approximately 1971, Mines operated an asbestos mine in Ham-Nord, Quebec, Canada. The asbestos mine was closed in 1971, and all of Mines' operating

3

assets, including the mine, were sold. The Quebec government ultimately took over the real property where the mine was located. Gordon Aff., ¶ 3.

## C.     Summary of Mines' Assets

7.     Mines is a non-operating company. Its sole activity is managing its investments. As of July 30, 2004, Mines' financial statements report assets (consisting primarily of cash on hand and investments) of approximately CAD $8,104,351 (US $6,209,671.74). Notably, the financial statements do not reflect the shared insurance available to pay asbestos-related personal injury claims of both Mines and Flintkote. Gordon Aff., ¶ 7

8.     Mines' most significant asset is the liability insurance it shares with Flintkote. The Debtors are both insured under the same insurance policies providing coverage for asbestos-related personal injury claims. There are no insurance policies that are owned exclusively by, or provide coverage exclusively to, Mines. Under most of the policies, Flintkote is a named insured and coverage extends to Mines either as a subsidiary of Flintkote or as an additionally named insured. In some of the policies, Mines is the named insured and Flintkote is covered as an affiliate of Mines. See Debtor's Supplement Brief in Support of Complaint for Declaratory and Injunctive Relief and Motion for Preliminary Injunction filed in the Adversary Proceeding No. 04-53891 (Flintkote Adv Pro. Docket No. 29); Gordon Aff., ¶ 7.

## D.     Summary of Mines' Liabilities

9.     Mines is named as a defendant in approximately 2,800 asbestos-related personal injury claims ("Asbestos PI Claims") pending against it in various jurisdictions throughout the United States, asserted by plaintiffs seeking damages for personal injuries allegedly caused by exposure to asbestos fibers mined and distributed by Mines. There are no

4

known asbestos claims pending against Mines in Canada. The Asbestos PI Claims against Mines are a subset of the approximately 155,000 Asbestos PI Claims pending against Flintkote. All but approximately 55 of the 2,800 Asbestos PI Claims against Mines are also asserted against Flintkote. Although Mines is named as a defendant in less than 2% of the 155,000 Asbestos PI Claims asserted against Flintkote, Mines may have potential liability with respect to a far greater percentage of the known Asbestos PI Claims against Flintkote. Mines supplied Flintkote with nearly all of the asbestos it extracted for Flintkote's production of asbestos-containing products. Further, while Mines was operating, it was the direct or indirect source of all asbestos used by Flintkote to produce asbestos-containing products. As a result, there may be considerable overlap in the asbestos claims against Flintkote and the asbestos claims against Mines.

10.     Other than its contingent asbestos-related liabilities discussed above, Mines believes that it has no material pre-petition liabilities. Also, as a non-operating company, Mines does not have any material operating liabilities. From time to time, Mines incurs tax liabilities and professional fees and expenses related to its investment activities. Gordon Aff., ¶ 4.

11.     Mines has no employees and does not lease or own any office space. For the past many years, Mines has conducted its business affairs from the Montreal office of its outside corporate counsel who was one of Mines' board members. However, Flintkote maintains in its San Francisco office certain of Mines' business records including, but not limited to, copies of shared insurance policies covering Mines. Prior to its bankruptcy filing, Flintkote (primarily by and through its outside asbestos litigation counsel, Frantz Ward LLP ("Frantz Ward")) routinely defended Mines in all Asbestos PI Claims and related litigation asserted against Mines,

as most litigation named Flintkote as a co-defendant. Going forward, the Debtors anticipate that Mines' business activities (primarily consisting of investment management and tasks related to its chapter 11 case) will be conducted out of Flintkote's San Francisco office under the direction of David Gordon. Prior to the Petition Date, Flintkote removed Mines' three (3) directors and appointed Mr. Gordon as the sole Director, President and Secretary of Mines. Flintkote took such action in order to facilitate the orderly and efficient administration of the Debtors' related bankruptcy cases. Gordon Aff., ¶ 4.

**E.     Events Precipitating Mines' Chapter 11 Filing**

12.     After Flintkote filed its chapter 11 case, Mines was left with no realistic alternative but to commence an insolvency proceeding. As discussed above, Flintkote historically defended Mines in asbestos-related litigation filed against it. Those joint defense efforts stopped on May 1, 2004, when Flintkote filed for chapter 11 relief. Gordon Aff., ¶ 6. The filing by Flintkote led certain asbestos claimants (with claims against both of the Debtors) to seek affirmative recoveries against Mines and the significant insurance it shares with Flintkote.

13.     In order to prevent claimants from racing to seek judgments against Mines and its shared insurance, on June 9, 2004, Flintkote filed a Complaint for Declaratory and Injunctive Relief (the "Complaint") (Flintkote Docket No. 87) and a Motion for Preliminary Injunction (Flintkote Adv. Pro. Docket No. 3), seeking a 90-day preliminary injunction to enjoin any and all persons from commencing or continuing asbestos-related litigation against Mines and its insurers while Flintkote, in consultation with its principal creditor constituencies, evaluated how best to liquidate Mines. By its order dated July 19, 2004, the Court granted the preliminary

6

injunction until August 30, 2004, subject to further extension by the Court. (Flintkote Adv. Pro. Docket No. 22).

14.     Prior to and during the period of the preliminary injunction, the Debtors (in consultation with the Committee and the Futures Representative) thoughtfully evaluated whether Mines should commence an insolvency proceeding in Canada or in the United States. At bottom, the Debtors decided that Mines should file a chapter 11 case in Delaware because, among other reasons, (i) all of the known Asbestos PI Claims against Mines are pending or are asserted by claimants located in the United States and (ii) jointly administering the chapter 11 proceedings presented the most efficient way of confirming a plan that would address the Debtors' shared insurance and largely overlapping claims.

**Relief Requested**

15.     By this Motion, the Debtors request that the Court (i) order the joint administration of their respective bankruptcy cases and (ii) apply certain orders entered in the Flintkote Case to the chapter 11 case of Mines to facilitate joint administration of the cases.

**Basis for Relief**

**A.     Joint Administration Will Ease Administrative Burdens**

16.     Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Mines is a wholly-owned subsidiary of Flintkote and, as such, is an "affiliate" of Flintkote, as such term is defined in § 101(2) of the Bankruptcy Code.

Local Rule 1015-1 provides in relevant part as follows:

> If two or more petitions are pending in the same Court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates, without notice or hearing. An order for joint administrative may be entered upon the filing of a motion for joint administration, together with an affidavit or verification, which establishes that the joint administration of the respective debtors' estates is warranted, will ease the administrative burden for the Court and the parties and protects creditors of different estates against potential conflicts of interest.

17.     The joint administration of the Debtors' chapter 11 cases will ease the administrative burden for the Court and parties in interest. As discussed above, the Debtors have the same principal creditors and the same principal assets. For example, each of the law firms representing claimants with Asbestos PI Claims against Mines already appears on the creditor matrix filed in the Flintkote case. Joint administration will permit the Clerk of Court to utilize a single general docket for the two cases and combine notice to creditors of the Debtors' respective estates and other parties in interest. More importantly, it will enable parties in interest to be apprised of the various matters before the Court in both cases (as matters directly involving only one Debtor may have some affect on the other Debtor's estate). Nor will the rights of the Debtors' creditors be prejudiced if the cases are jointly administered. The relief sought herein is purely procedural and will not affect substantive rights of such creditors against one or both Debtors. Gordon Aff., ¶ 8.

18.     In order to reflect the joint administration of Mines' chapter 11 case with that of Flintkote, the Debtors request that that the Clerk of the Court maintain one file and one docket for these jointly administered cases, which file and docket shall be the file and docket for Flintkote.

8

19.     The Debtors request, for all pleadings in these chapter 11 cases, parties in interest should only be required to indicate in the caption that the pleading relates to "The Flintkote Company and Flintkote Mines Limited" as provided hereunder:

9

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY and | ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES LIMITED, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

20. Further, the Debtors seek the Court's direction that a separate docket entry

be made on the docket in Mines' chapter 11 case instructing interested parties to consult the

docket in the Flintkote chapter 11 case, under case number 04-11300, substantially as follows:

> An order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of Flintkote
> Mines Limited and The Flintkote Company. The docket in the case of The
> Flintkote Company, Case No. 04-11300 (JKF), should be consulted for all
> matters affecting this case.

**B. Application of Certain Orders Entered In
Flintkote's Chapter 11 Case to Mines Will Avoid
Unnecessary Duplication and Expense to Mines' Estate**

21. By this Motion, the Debtors seek to eliminate the filing of duplicative

applications and motions and, therefore, reduce the burdens on this Court and on the parties-in-

interest. The Debtors seek to have certain orders previously entered and proposed orders

submitted in Flintkote's chapter 11 case (collectively, the "Specified Orders," which are listed on

Exhibit A, Exhibit B and Exhibit C annexed hereto) applied to Mines in its chapter 11 case to

facilitate the joint administration of the chapter 11 cases.

22. Had the Debtors filed their respective chapter 11 petitions on the same

day, Mines would have been a movant with respect to all the Specified Orders. By proceeding in

10

this manner, the Debtors hope to save considerable time and expense and reduce the burden on the Court and parties in interest, while at the same time providing the requisite facts and grounds for granting such relief as if Mines and Flintkote were filing the same motions and affidavits. The relief set forth in each of the Specified Orders will obviate the need for duplicative notices, motions, applications and orders to be filed in Mines' case and will permit Mines to experience a smooth transition into chapter 11.

### i.   Case Administration Orders

23.     The Debtors seek to have applied to Mines' case various orders (as set forth on Exhibit A attached hereto) approving the retention and compensation of the Debtors' professionals.  Granting the relief requested in this Joint Motion would authorize the Debtors' engagement of the same bankruptcy co-counsel, Sidley Austin Brown & Wood LLP ("Sidley") and Pachulski Stang Ziehl Young Jones & Weintraub ("PSZYJW"), and the same asbestos litigation counsel, Frantz Ward.  Moreover, Blake, Cassels & Graydon LLP ("Blakes") is currently representing Flintkote as an ordinary course professional with regard to issues pertaining to Mines, and the Debtors intend to file shortly an application under 11 U.S.C. § 327(a) to retain Blakes as their Canadian bankruptcy counsel.  Sidley, PSZYJW and Blakes have received retainers from Mines and will file with the Court the requisite statements pursuant to Fed. Rule Bankr. P. 2016 and 11 U.S.C. § 329.  Further, the Debtors anticipate that certain "ordinary course professionals" currently retained by Flintkote will provide services to or on behalf of both Debtors.  For these reasons, it makes sense for the Court to appoint the same fee auditor (Warren H. Smith & Associates) and apply the same interim compensation procedures in both cases.

11

24.     Additionally, the Debtors seek to have applied certain orders (as set forth on Exhibit A attached hereto) that will facilitate the management and administration of their cases, including, among others, orders establishing noticing procedures for asbestos claimants, appointing the Garden City Group as the official noticing agent in both cases, and scheduling the same omnibus hearing dates. Moreover, Mines is willing to modify its current investments to comply with the investment guidelines set forth in the order waiving certain requirements of 11 U.S.C. § 345 on a final basis. Applying these orders will ensure continuity and efficiency in the administration of the Debtors' chapter 11 cases.

## ii.     Committee-Related Orders

25.     As stated above, Flintkote and Mines have overlapping asbestos liabilities. These overlapping claims are reflected in the current composition of the Committee. Of the nine (9) members serving on the Committee, the Debtors' records show that two (2) of the Committee members represent claimants with Asbestos PI Claims against both Mines and Flintkote. Thus, the current composition of the Committee represents the creditor constituencies of each of Mines and Flintkote. In the event the United States Trustee appoints the same Committee to serve as the committee for Mines, the Debtors seek to make applicable to Mines' case those orders (as set forth on Exhibit B attached hereto) pertaining to the Committee and its counsel and financial advisors. The Committee has indicated its willingness to represent claimants holding the Asbestos PI Claims against Mines.

## iii.     Futures Representative-Related Orders

26.     Given the shared asbestos liability of the Debtors, the Debtors believe that the Futures Representative could represent future asbestos claims against both Debtors. For this

12

reason, the Debtors request that the Court appoint the Futures Representative to serve in his same role with respect to Mines and apply to Mines' cases those orders related to the Futures Representative and his counsel and financial advisors (as set forth on Exhibit C attached hereto). The proposed Futures Representative has indicated his willingness to represent the future asbestos claimants in both cases.

## Authority For Relief Requested

27.     The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Similar procedures have been authorized in other chapter 11 cases, to effectuate orders entered in the case of an originally filing debtor to subsequently filing affiliates of that debtor. See, e.g., In re Chi-Chi's, Inc., Case No. 03-13063 (CGC) (Bankr. D. Del. 2003); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re Exide Technologies, Case No. 02-11125 (KJC) (Bankr. D. Del. 2002); and In re Enron Corp., et al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2002). The Futures Representative and the Committee support the relief requested herein.

## Notice

28.     Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) the members of the Committee and its counsel, (iii) the proposed Futures Representative and his counsel, (iv)  the entities on Mines' list of 20 largest unsecured creditors and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002 in the Flintkote case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

13

**No Prior Request**

29.     No previous motion for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) jointly administering the chapter 11 cases of Flintkote and Mines; (ii) applying the Specified Orders to Mines' chapter 11 case to facilitate joint administration of these cases; and (iii) granting such other relief as is just and proper.

Dated: August 25, 2004

Respectfully submitted,

SIDLEY AUSTIN BROWN & WOOD LLP
Kevin T. Lantry
Jeffrey E. Bjork
Catherine L. Cooksey
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-6000
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for Debtor and Debtor in Possession

14