# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY and | ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES LIMITED, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## AFFIDAVIT OF MARC MAISTER IN SUPPORT OF SUPPLEMENTAL APPLICATION FOR ORDER AUTHORIZING THE DEBTORS TO EMPLOY IRELL & MANELLA LLP, *NUNC PRO TUNC* TO FEBRUARY 1, 2006, AS SPECIAL COUNSEL FOR ADDITIONAL INSURANCE MATTERS PURSUANT TO 11 U.S.C. § 327(e) AND DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | ) | ss.: |
| COUNTY OF ORANGE | ) | |

MARC S. MAISTER declares as follows:

1. I am a partner in the firm of Irell & Manella LLP ("Irell"). Irell maintains two offices, including an office at 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324. I am duly authorized to submit this affidavit on behalf of Irell. I submit this affidavit in support of the supplemental application (the "Application") of The Flintkote Company and Flintkote Mines Limited, the debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), to retain Irell as its special counsel for additional insurance matters, defined in the Application as the Additional Insurance Matters.[1]

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1449666

2. Before the Petition Date, Irell represented the Debtors with regard to negotiations with and claims against the 50 state IGAs (established by state law and generally run as state agencies), attempting to recover statutory benefits relating to its insurers who had become insolvent and were unable to pay claims in full. In connection with such representations, Irell has become uniquely and thoroughly familiar with the Debtors' rights under insurance agreements and its relationships with IGAs.

3. Before and during the chapter 11 cases, Irell has also represented the Debtors with respect to the Aviva Litigation, on other insurance matters and on environmental matters relating to several California properties, as described in the Application. Irell has gained a great deal of knowledge regarding the Debtors' historical operations and insurance coverage in the course of these representations.

4. I have been informed that the Debtors wish to utilize the aforementioned expertise in order for Irell to provide services for the Additional Insurance Matters. At the Debtors' request, certain of Irell's attorneys devoted time to familiarizing themselves with the Additional Insurance Matters prior to the filing of the Application. However, Irell only generated less than $10,000 in fees and expenses for its attorneys' work for which it would seek compensation on the Additional Insurance Matters prior to the filing of this Application. Further, I understand that the 30-day *nunc pro tunc* relief sought in the Application is consistent with the practice in this District for such retroactive relief.

5. Subject to the disclosures in this Affidavit and the Application, neither I, Irell, nor any partner, counsel or associate of Irell, as far as I have been able to ascertain, represents or holds any interests adverse to the Debtors or the Debtors' estates in matters upon which Irell is to be employed.

6. In connection with its prior representation of Debtors, Irell conducted a series of searches of its databases to identify relationships with creditors and other parties in interest (or potential parties in interest) with respect to the Debtors. Specifically, Irell searched its database to identify, during the last five years, (i) circumstances in which Irell has represented clients other than the Debtors on matters involving the Debtors, (ii) representations by Irell of the Debtors' 20 largest unsecured creditors, (iii) representations by Irell of insurers to the Debtors, (iv) representations by Irell of Flintkote's sole shareholder, (v) representations by Irell of certain former affiliates of the Debtors, (vi) representations by Irell of the Debtors' directors and officers, and (vii) Irell's representation of other professionals retained by the Debtors. These items were disclosed and explained in Irell's initial application and supporting papers (Docket No. 346). As stated in the initial application, Irell may have represented, or may currently represent, certain entities in matters unrelated to the Debtors, which entities may have potential claims against the Debtors' estates, although I am unaware of such claims at this time and the searches performed did not reveal such representations. Irell will not represent such entities in connection with asserting any such claims against the Debtors or their estates.

7. Irell has also conducted a search involving the various IGAs and specific insurers for the Application, which resulted in no conflicts.

8. To the best of my knowledge, Irell has no connection with the United States Trustee or any person employed by the office of the United States Trustee. A former Irell partner, Sheri Bluebond, now serves as a United States Bankruptcy Judge in the Central District of California. Current and former Irell partners have, at various times, been judges and clerks of a number of state and federal courts outside of the Third Circuit. I am unaware, however, of any relationships between such service and either of the Debtors.

9. To the extent that I become aware of any additional relationship that may be relevant to Irell's representation of the Debtors, I will promptly file a supplemental Affidavit.

## DISCLOSURE OF COMPENSATION

10. Irell was paid for all services rendered and expenses incurred before the Petition Date of May 1, 2004. Within one year prior to the Petition Date (May 1, 2003 to May 1, 2004), Irell received $80,892.04 for legal services rendered on behalf of the Debtors. This figure includes an overpayment for pre-petition fees in the amount of $3,867.35, which such amount has been applied to post-petition fees as allowed by the *Order Appointing a Fee Auditor and Establishing Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee and Consideration of Fee Application*, dated August 19, 2004 (Docket No. 183) (the "Compensation Procedures Order"), and other orders of this Court. Other than the amounts disclosed herein, Irell's records indicate that it has received no other sums from the Debtors in the yearlong period prior to the Petition Date. Moreover, the Debtors have compensated Irell, in Irell's capacities as an ordinary course professional and as special counsel, for services rendered to the estate during its bankruptcy case. Irell's fees and expenses incurred as an ordinary course professional were approved by an Order of this Court dated May 19, 2005 (Docket No. 845). Irell has followed the process set forth in Compensation Procedures Order in submitting its monthly and quarterly fee applications as special counsel in 2005 (and will continue to do so in 2006).

11. Subject to this Court's approval, Irell will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered and for reimbursement of all costs and expenses incurred in connection with these cases. Irell's book billing rates for 2006

range from $295 to $855 per hour for attorneys (with one inapplicable exception, and no attorney billing more than $725 per hour is expected to bill significant amounts of time to this matter), and from $140 to $340 per hour for para-professionals (with one inapplicable exception). These hourly rates are subject to periodic increases in the normal course of Irell's business. Irell will continue to offer the Debtors a 10% across-the-board reduction on fees.

12. In addition to the hourly rates set forth above, Irell customarily charges its clients for costs and expenses incurred, including telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, and witness fees and other fees related to trials and hearings, as well as non-ordinary overhead expenses such as secretarial overtime. Irell is familiar, however, with this Court's local rules, and, as it has done with its previously monthly and quarterly fee applications, will continue to make necessary adjustments (for example, by lowering its outgoing facsimile charge from $1.50 per page to $1.00 per page, by charging 50% for non-work travel time, and by complying with Fee Auditor guidelines for outside expenses).

13. Irell has no agreement with any other entity (other than the partners of Irell) to share any compensation received in connection with these cases.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of March, 2006.

_____
Marc S. Maister

Sworn and subscribed to before
me this ____ day of ____ 2006

_____
Notary Public
(SEAL)

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

State of California

County of __ORANGE__ } ss.

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____
   Signature of Document Signer No. 1            Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (or affirmed) before me on this

__1st__ day of __MARCH__, __2006__, by
  Date           Month              Year

(1) __MARC S. MAISTER__,
       Name of Signer

☒ Personally known to me
☐ Proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

                                    (and
(2) __Barbara Caton__,
       Name of Signer

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

_____
Signature of Notary Public

[Notary Seal: BARBARA CATON, Commission # 1383691, Notary Public - California, Orange County, My Comm. Expires Dec 3, 2006]

Place Notary Seal Above

─────── **OPTIONAL** ───────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __AFFIDAVIT OF MARC S. MAISTER__

Document Date: __3-1-06__   Number of Pages: __5__

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827