# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE FLINTKOTE COMPANY and ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES LIMITED, ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Hearing Date: June 19, 2006 @ 9:30 a.m.** |
| ) | **Objection Deadline June 2, 2006 @ 4:00 p.m** |
| ) | |

## SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY MCCARTER & ENGLISH, LLP, AS SPECIAL COUNSEL FOR ADDITIONAL ENVIRONMENTAL AND INSURANCE MATTERS PURSUANT TO 11 U.S.C. § 327(e)

The Flintkote Company ("Flintkote") and Flintkote Mines Limited ("Mines"), the above-captioned debtors and debtors-in-possession in these jointly-administered chapter 11 cases (collectively, the "Debtors"), hereby file this supplemental application (the "Application") requesting entry of an order pursuant to 11 U.S.C. § 327(e) authorizing the Debtors to employ and retain McCarter & English, LLP ("McCarter") as special counsel for additional environmental and insurance matters. This Court approved McCarter's employment as an ordinary course professional in its Order Authorizing the Debtor to Employ and Compensate Certain Professionals for Services Rendered to the Debtor in the Ordinary Course of Business (the "Ordinary Course Professionals Order") (Docket No. 94). This Application is being submitted to expand the scope of McCarter's retention, to provide details regarding such expanded retention, and to convert McCarter's retention from that of an ordinary course professional to a section 327(e) professional. In support of this Application, the Debtors rely on the Affidavit of Gita Rothschild (the "Rothschild Affidavit" attached hereto as Exhibit A), and further represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this proceeding and with respect to this Application is proper in this district pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief sought herein are section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## STATUS OF THE CASE

3. On May 1, 2004 (the "Petition Date"), Flintkote filed a voluntary petition for relief under the chapter 11 of the Bankruptcy Code.

4. On August 25, 2004, Mines, a wholly-owned subsidiary of Flintkote, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On September 8, 2004, the Court entered its Order Directing Joint Administration; Directing that Certain Orders in the Chapter 11 Case of Flintkote be Made Applicable to Flintkote Mines Limited (Docket No. 238) (the "Joint Administration Order").

6. The Debtors have continued in possession of their respective properties and have continued to manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No request has been made for the appointment of a trustee or examiner in these cases. On May 19, 2004, the Office of the United States Trustee appointed an Official Committee of Asbestos Personal Injury Claimants (the "Committee"). Additionally, the Court appointed James J. McMonagle as the legal representative of future asbestos claimants (the "Futures Representative") in both cases (see Docket Nos. 199 and 238, respectively).

8.   On June 14, 2004, this Court approved the employment of McCarter as one of Flintkote's ordinary course professionals pursuant to the Ordinary Course Professionals Order. Pursuant to McCarter's retention as an ordinary course professional it has represented Flintkote throughout the pendency of these cases, as it had done prior to the Petition Date, in connection with certain insurance coverage litigation and environmental insurance claims and recoveries. *See* Rothschild Affidavit ¶ 4.

## RELIEF REQUESTED

9.   By this Application, the Debtors respectfully request authorization to employ McCarter as special counsel for the purpose of obtaining advice, research, and representation with respect to matters for which McCarter is currently representing the Debtors as ordinary course professionals and for certain (i) environmental matters and (ii) insurance matters, all as more fully described below (collectively, the "Environmental and Insurance Matters"). As special counsel, McCarter's role would include representing the Debtors against environmental claims and insurance disputes, as well as assisting the Debtors in their efforts to establish insurance coverage and recover insurance proceeds in relation to certain liabilities.

## BASIS FOR RELIEF

### A.   McCarter Is Uniquely Qualified to Represent the Debtors in the Environmental and Insurance Matters.

10.   Prior to the Petition Date, McCarter had represented the Debtors for over 19 years in various personal injury, environmental liability and insurance coverage matters. McCarter's longstanding representation of the Debtors has included, among other things: (i) asbestos-related personal injury litigation in Maryland, New Jersey, New York and Philadelphia; (ii) negotiations, regulatory matters and litigation regarding environmental pollution claims; and (iii) negotiations with, and litigation against, certain of the Debtors' insurers in an attempt to

establish the existence of insurance coverage for certain of the Debtors' liabilities and to secure insurance recoveries for those same liabilities. *See* Rothschild Affidavit ¶ 3.

11. Due to McCarter's long history representing the Debtors, it is already familiar with the Debtors' environmental liabilities, its insurers, the status of its insurance policies, and the Debtors' relevant insurance settlement agreements. *See* Rothschild Affidavit ¶ 4. Therefore, the Debtors believe that McCarter is uniquely qualified to represent the Debtors' on the Environmental and Insurance Matters and that such representation is in the best interests of the Debtors' estates.

12. The partners, counsel and associates at McCarter that will represent the Debtors in connection with the Environmental and Insurance Matters, if the Debtors are authorized to employ McCarter as special counsel, have extensive knowledge and expertise in the representation of corporate clients (including the Debtors) seeking to resolve environmental liability and to maximize insurance recoveries for environmental, toxic tort, personal injury and property damage claims under comprehensive general liability policies, from both solvent and insolvent carriers. *See* Rothschild Affidavit ¶ 6. McCarter's partners, counsel and associates also have extensive knowledge and expertise in representing corporate clients in both negotiations with and litigation against insurance carriers. *See* Rothschild Affidavit ¶ 6. Due to McCarter's extensive knowledge and expertise regarding issues unique to the Debtors, as well as issues related to environmental and insurance matters generally, the Debtors believe that McCarter's retention pursuant to this Application will provide a substantial benefit to the Debtors' estates, is in the best interests of the Debtors' estates, and is essential for the Debtors to perform their duties to maximize recoveries for their respective estates and constituencies.

### B. Scope of McCarter's Retention and Compensation

13. Subject to this Court's approval, McCarter will provide the legal and litigation support required by the Debtors in connection with the Environmental and Insurance Matters. *See* Rothschild Affidavit ¶ 5. McCarter's retention with respect to the Environmental and Insurance Matters would include, without limitation, representing the Debtors in the following matters (in addition to the matters McCarter currently represents the Debtors with as an ordinary course professional): (i) environmental claims asserted against the Debtors involving both governmental agencies and individuals; and (ii) insurance matters involving coverage disputes, insurance liquidation proceedings and state guarantee association claims, all with respect to both solvent and insolvent insurers. Such insurance matters would also include, but not be limited to, efforts by the Debtors to establish insurance coverage related to certain of its liabilities and to recover insurance proceeds related thereto from *(a)* the New York Department of Insurance with respect to the Midland Insurance Company and *(b)* certain London Market insurers (collectively, the "Midland and London Matters"). *See* Rothschild Affidavit ¶ 5. McCarter's proposed representation would also include advising the Debtors regarding the impact of their environmental liabilities and insurance assets as it relates to their general bankruptcy proceedings. *See* Rothschild Affidavit ¶ 5.

14. In particular, the representation involving the New York Department of Insurance with respect to the Midland Insurance Company, would involve the Notice of Determination, in the Matter of the Liquidation of Midland Insurance Company (the "Notice of Determination"), filed on March 21, 2006, by the New York Liquidation Bureau. The Notice of Determination informed the Debtors of the denial of their claims for recovery from the estate of the Midland Insurance Company. *See* Rothschild Affidavit ¶ 5. In order to preserve the Debtors' recovery rights, they must timely appeal this determination or otherwise take action in

response to the Notice of Determination. *See* Rothschild Affidavit ¶ 5. Additionally, certain London Market insures have failed to honor the terms of various insurance policies and settlement agreements by failing to pay and/or refusing to pay the Debtors for certain pre-petition claims arising from asbestos-related bodily injury claims. *See* Rothschild Affidavit ¶ 5.

15. McCarter has represented to the Debtors that if retained pursuant to this Application, McCarter will bill the Debtors' estates on an hourly basis for its services and that it will also seek reimbursement for the actual, necessary expenses it incurs in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the guidelines of this District and this Court, and the Order Appointing a Fee Auditor and Establishing Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee and Consideration of Fee Application, dated August 19, 2004 (Docket No. 183) (the "Compensation Procedures Order"). *See* Rothschild Affidavit ¶ 7. McCarter will bill for its legal services in accordance with its ordinary and customary hourly rates as in effect on the date such services are rendered. McCarter's current book billing rates for 2006 range from $185 to $575 per hour for attorneys and from $40 to $200 per hour for para-professionals. *See* Rothschild Affidavit ¶ 7. These hourly rates are subject to periodic increases in the normal course of McCarter's business. *See* Rothschild Affidavit ¶ 7. The Debtors have concluded that such rates are reasonable.

16. In addition to the hourly rates set forth above, McCarter customarily charges its clients for costs and expenses incurred, including telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, and witness fees and other fees related to trials and hearings, as well

as non-ordinary overhead expenses such as secretarial overtime. *See* Rothschild Affidavit ¶ 8. McCarter is familiar, however, with this Court's local rules, and will make necessary adjustments (for example, charging only $1.00 per page, by charging only 50% for non-work travel time, and by complying with Fee Auditor guidelines for outside expenses). *See* Rothschild Affidavit ¶ 8.

17. McCarter was paid for or has waived all services rendered and expenses incurred before the Petition Date. Within one year prior to the Petition Date (May 1, 2003 to May 1, 2004), McCarter received $2,596,425.16 in fees and $244,370.35 in costs for a total of $2,840,795.51 for legal services rendered on behalf of the Debtors. *See* Rothschild Affidavit ¶ 9. Other than the amounts disclosed herein, McCarter's records indicate that it has received no other sums from the Debtors in the yearlong period prior to the Petition Date. *See* Rothschild Affidavit ¶ 9. To the extent McCarter had a pre-petition claim against the Debtors for its fees and costs that claim has been withdrawn pursuant to the Notice of Withdrawal of Proof of Claim Number 121 Filed on Behalf of McCarter & English, LLP, filed on April 11, 2006 (Docket No. 1451).

18. The Debtors have compensated McCarter in McCarter's capacity as an ordinary course professional for its services rendered to their estates during the pendency of their bankruptcy cases.

19. To the best of the Debtors' knowledge, McCarter and its partners, counsel and associates do not represent or hold any material adverse interest to the Debtors or their estates with respect to the matters upon which McCarter is to be employed, and do not have any material connections with the Debtors, their officers, affiliates, creditors or any other party in interest, or their respective attorneys, except as otherwise disclosed in the Motion for An Order Authorizing the Debtor to Employ and Compensate Certain Professionals for Services Rendered

to the Debtor in the Ordinary Course of Business, filed on May 1, 2004 (Docket No. 11) and the Affidavit of Gita F. Rothschild, filed on June 28, 2004 (Docket No. 110) submitted pursuant to the Ordinary Course Professionals Order. *See* Rothschild Affidavit ¶ 10.

20. McCarter has indicated its willingness to serve as the Debtors' special counsel with respect to the Environmental and Insurance Matters on the terms set forth herein. *See* Rothschild Affidavit ¶ 5. The Debtors believe that it is necessary and in the best interests of their estates and their creditors and other constituents to employ and retain McCarter as the Debtors' special counsel to render professional services on their behalf in connection with the Environmental and Insurance Matters.

### C. Authority to Employ McCarter as a 327(e) Professional

21. This Court may authorize McCarter's retention by the Debtors pursuant to section 327(e) of the Bankruptcy Code. Section 327(e) provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

22. The relief sought in this Application is not unique. Other courts in this jurisdiction have generally approved a debtor's application under section 327(e) to retain special litigation counsel in similar asbestos-related cases. In fact, this Court has approved the retention of special counsel in this very case with respect to special insurance counsel Nossaman Gunther Knox & Elliott LLP (*See* Order dated June 14, 2004, Docket No. 96) and special counsel Irell & Manella, LLP (*See* Order dated January 4, 2005, Docket No. 579). *See also,* In re Federal-Mogul Global, Inc., Case No. 01-10578 (SLR) (Bankr. D. Del. Nov. 9, 2001) (attached hereto as Exhibit

-8-

B). Furthermore, this Court has already permitted the Debtors to retain McCarter as an ordinary course professional in their cases so that McCarter could provide the Debtors with the same environmental liability and insurance recovery legal work that it had been providing to Flintkote pre-petition. Accordingly, the Debtors submit that the Court's approval of this Application is authorized under section 327(e).

23. The Debtors request to have McCarter's retention as special counsel for the Environmental and Insurance Matters approved *nunc pro tunc* to April 15, 2006, is warranted because several of McCarter's attorneys have devoted time (at the request of the Debtors) to familiarizing themselves with and pursuing such matters. The Debtors have been advised that, prior to filing this Application, McCarter has only generated approximately $11,368 in fees in excess of the $20,000 monthly fee cap provided for in the Ordinary Course Professionals Order related to its attorneys' work on the Environmental and Insurance Matters. *See* Rothschild Affidavit ¶ 9. Moreover, the Debtors have only sought 30-day *nunc pro tunc* relief, which is consistent with the practice in this District for such retroactive relief.

## NO PREVIOUS RELIEF REQUESTED

24. The Debtors have not previously sought the specific relief requested herein (i.e. the retention of McCarter as special counsel in the Environmental and Insurance Matters) from this Court or any other court, although the Court has previously allowed the Debtors to retain McCarter as an ordinary course professional pursuant to the Ordinary Course Professionals Order.

## NOTICE

25. Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Committee, (iii) counsel to the Futures Representative, (iv) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure, and (v) McCarter. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, authorizing the Debtors to employ and retain McCarter & English, LLP, as special counsel for the Environmental and Insurance Matters, and such other and further relief as the Court deems just and proper.

Dated: May 15, 2006

THE FLINTKOTE COMPANY
FLINTKOTE MINES LIMITED
Debtors and Debtors in Possession

David J. Gordon
President and Chief Executive Officer
The Flintkote Company

President and Secretary
Flintkote Mines Limited