# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY, | ) | Case No.: 04-11300 (JKF) |
| | ) | |
| Debtor. | ) | **Objection Deadline: August 8, 2008 at 4:00 p.m.** |
| | ) | **Hearing Date: September 2, 2008 at 11:30 a.m.** |
| | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR AN ORDER APPROVING AND AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHARTER OAK FINANCIAL CONSULTANTS, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JUNE 18, 2008**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee") of The Flintkote Company, the above debtor and debtor-in-possession, by its co-counsel, Campbell & Levine, LLC and Caplin & Drysdale, Chartered, in support of its application ("Application") for an order authorizing the Committee to retain and employ Charter Oak Financial Consultants, LLC as financial advisor *nunc pro tunc* to June 18, 2008 pursuant to §§ 327 and 328 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

1. The following materials are submitted in support of this Application: (i) the Declaration of Elihu Inselbuch (attached hereto as Exhibit A), (ii) the Certification of Charter Oak Financial Consultants, LLC (attached hereto as Exhibit B), (iii) the Certification of Bradley M. Rapp (attached hereto as Exhibit C), (iv) the Certification of James P. Sinclair (attached hereto as Exhibit D), and (v) the Certification of Robert H. Lindsay (attached hereto as Exhibit E). Also submitted is a proposed order.

{D0115943.1 }

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 327, 328 and 1107(b) of the Bankruptcy Code as supplemented by Bankruptcy Rule 2014.

## BACKGROUND

3. On May 1, 2004, (the "Petition Date"), The Flintkote Company ("Flintkote" or the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor has continued in the possession of its properties and the management of its business as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee for the District of Delaware appointed the Committee in accordance with the provisions of § 1102(b) of the Bankruptcy Code, by notice dated May 19, 2004 [DI 54].

5. By order dated July 12, 2004, the Court authorized the Committee to employ L Tersigni Consulting P.C. ("LTC") as its accountant and financial advisor under a general retainer in this case.

6. As set forth in greater detail in the accompanying Declaration of Elihu Inselbuch, counsel for the Committee was informed on May 31, 2007 by two senior professionals at LTC, Bradley M. Rapp and James P. Sinclair, that in 2006 Mr. Rapp had determined that time entries for his work appearing on fee applications made by LTC were sometimes higher than corresponding entries in his own records.

7. Mr. Rapp further informed counsel for the Committee that he had promptly obtained his own attorney and conveyed what he had learned to representatives of the United States Attorney's Office and the United States Trustee in Newark. Mr. Rapp explained that the Department of Justice undertook an investigation and Mr. Rapp was instructed to say nothing about these matters while the investigation was pending. Upon the death of Loreto Tersigni, the sole owner of LTC, on May 30, 2007, Mr. Rapp said he felt free to advise counsel for the Committee of these matters.

8. The Committee terminated the employment of LTC in this case effective May 31, 2007, immediately caused any pending fee applications in this case to be withdrawn, and advised the Debtor to suspend payment of any approved fees. Counsel for the Committee took the same steps in other pending chapter 11 cases in which LTC had been retained.

9. The Committee is currently without a financial advisor.

10. Messrs. Rapp and Sinclair, along with Robert H. Lindsay, another former professional at LTC, have resigned from LTC and formed a financial advisory firm called Charter Oak Financial Consultants, LLC ("Charter Oak").

11. Messrs. Rapp, Sinclair, and Lindsay have represented in sworn certifications attached to this Application that, with the exception of Mr. Rapp's discovery and reporting of the billing irregularities, none of them was aware of any billing irregularities at LTC until approximately the time counsel for the Committee was informed. Messrs. Rapp, Sinclair and Lindsay have further represented in those sworn certifications that they did not benefit from any misreported hours.

## RELIEF REQUESTED

12. Pursuant to § 327(a) of the Bankruptcy Code, the Committee now seeks to employ Charter Oak Financial Consultants, LLC ("Charter Oak") as financial advisor under a general retainer to perform the services described below.

13. As attested to in Charter Oak's accompanying certification (the "Charter Oak Certification"), Charter Oak is a firm of experienced financial professionals that was formed on June 8, 2007, for the purpose of providing expert financial advisory services in bankruptcy cases and complex litigation matters. The members of Charter Oak are Bradley M. Rapp, James P. Sinclair, and Robert H. Lindsay (together, the "Financial Professionals"). In addition, on or about July 27, 2007, Charter Oak hired Peter W. Cramp as an analyst and on or about August 7, 2007, Charter Oak hired Duncan M.S. Sinclair as an analyst. On or about February 1, 2008, Charter Oak hired Alan M. Cohen as an Assistant Director. The Financial Professionals' qualifications are summarized in the Charter Oak Certification. Mr. Rapp will be the member principally responsible for this engagement.

14. As explained in the accompanying Declaration of Elihu Inselbuch, lead counsel for the Committee, Caplin & Drysdale consulted with the United States Trustee for Region III and the Assistant United States Trustees from Wilmington, Delaware, New York, New York, and New Jersey about the pressing need of asbestos claimants committees that formerly engaged LTC, including the Committee in this case, to retain new financial advisors. In those consultations, counsel discussed the possibility of the affected asbestos claimants committees making application to the courts for leave to engage the Financial Professionals through a new firm, explained the advantages this course of action holds for those committees and the interested bankruptcy estates, and outlined the representations made by the Financial

Professionals as to their lack of involvement in the billing matters that led those committees to terminate LTC's engagements.

15. In other bankruptcy cases, this Court and other courts have approved the retention of Charter Oak as financial advisors on similar certifications.

16. On July 12, 2007, the official committee of asbestos claimants in the chapter 11 case of G-I Holdings, Inc., one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of New Jersey for permission to retain Charter Oak.

17. On July 24, 2007, the Honorable Rosemary Gambardella entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re G-I Holdings, Inc., Case No. 01-30135 (Bankr. D.N.J.) [DI 7216].

18. On August 27, 2007, the official committee of asbestos claimants in the chapter 11 case of the Congoleum Corporation, one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of New Jersey for permission to retain Charter Oak.

19. On September 26, 2007, the Hon. Kathryn C. Ferguson entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re Congoleum Corporation, Case No. 03-51524 (Bankr. D.N.J.) [DI 5800].

20. On August 7, 2007, the official committee of asbestos claimants in the chapter 11 case of W.R. Grace & Co., one of the committees represented by Caplin & Drysdale, filed an application on notice in this Court for permission to retain Charter Oak.

21. On August 29, 2007, the Hon. Judith K. Fitzgerald entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re W.R. Grace & Co., Case No. 01-1139 (Bankr. D. Del.) [DI 16700].

22. On September 20, 2007, the official committee of asbestos claimants in the Chapter 11 case of Federal Mogul Global, Inc, one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of Delaware for permission to retain Charter Oak.

23. On October 30, 2007, the Hon. Judith K. Fitzgerald entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re Federal Mogul Global, Inc., Case No. 01-10578 [DI 13603].

24. On November 8, 2007, the official committee of asbestos claimants in the Chapter 11 case of Pittsburgh Corning, one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of Delaware for permission to retain Charter Oak.

25. On November 28, 2007, the Hon. Judith K. Fitzgerald entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re Pittsburgh Corning Corporation, Case No. 00-22876 [DI 5741].

26. On February 1, 2008, the Official Committee of Unsecured Creditors in the Chapter 11 case of Quigley Company, Inc., one of the committees represented by Caplin & Drysdale, filed an application on notice in Bankruptcy Court for the Southern District of New York for permission to retain Charter Oak.

27. On February 8, 2008, the Hon. Stuart M. Bernstein entered an order granting that application without objection by the Office of the United States Trustee. See Order, In re Quigley Company, Inc., Case No. 04-15739 [DI 1332].

28. The Committee has advised the Office of the United States Trustee of its intention to file the instant application to retain Charter Oak in this case.

29. The Committee seeks to retain Charter Oak to perform financial advisory services, which may include but will not necessarily be limited to:

    (a) continuing oversight to enable the Committee to fulfill its responsibilities to monitor the Debtors' financial affairs and the financial affairs of the Debtors' affiliates and subsidiaries;

    (b) interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor, the Debtors' affiliates and subsidiaries, and other relevant entities;

    (c) analysis and advice regarding accounting, financial, valuation and related issues that may arise in the course of the proceedings;

    (d) assistance to the Committee's co-counsel in the evaluation and preparation of avoidance power claims and any other potential litigation, as requested;

    (e) analyses and advice regarding settlement negotiations and any potential plan of reorganization;

    (f) expert testimony on financial matters, if requested; and

    (g) such other services as Committee's co-counsel may request.

30. The services to be rendered by Charter Oak will not duplicate the services to be rendered by any other professionals retained by the Committee in this bankruptcy case.

31. To the best of the Committee's knowledge, neither Charter Oak nor any of its members or employees has any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys or retained professionals, except as stated in the

accompanying Certification of Charter Oak, LLC. Charter Oak is thus a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

32. Upon approval of the Application, Charter Oak will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of Delaware, applicable guidelines promulgated by the Office of the United States Trustee, and the Court's Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee and Consideration of Fee Applications. Charter Oak's compensation requests will be based on hourly billing rates as adjusted from time-to-time. The Committee is informed that Charter Oak's initial billing rates are $565 for its Senior Managing Directors (Messrs. Rapp and Sinclair), $425 for its Director (Mr. Lindsay) and $210 for analysts Peter Cramp and Duncan Sinclair. Charter Oak may engage independent contractors to assist it in providing services to the Committee. If so, Charter Oak may bill in its fee applications for such services at hourly rates commensurate with the experience and qualifications of such independent contractors, and may compensate such independent contractors from amounts awarded by the Court pursuant to such applications.

33. As set forth in the Charter Oak Certification, there is no arrangement for Charter Oak or any of its personnel to receive payment in connection with activities in this case other than in accordance with the Bankruptcy Code, and there is no agreement for them to share compensation in this case with any other entity or to share in compensation to be received by any such other entity in this case.

34. No previous application for the relief sought herein has been made to this Court or any other court.

35. The Committee has urgent need of the requested relief. The Committee has been without a financial advisor since June 1, 2007. For the Committee to continue to operate without the assistance of a competent financial advisor is contrary to the best interests of the estate and inimical to the progress of this case. Mr. Sinclair and Mr. Rapp have extensive experience in representing asbestos creditors committees in chapter 11 proceedings. The retention of Charter Oak would thus make it possible for the Committee to avoid the delays and costs that would necessarily be incurred if the Committee were forced to retain another firm lacking such experience. The granting of this Application will equip the Committee in an efficient and appropriate way with the financial expertise required for the progress of the reorganization.

36. The need for the Committee to retain a financial advisor is especially acute because of recent developments in the case, including the ongoing process toward confirmation of the Amended Joint Plan of Reorganization in Respect of the Flintkote Company and Flintkote Mines Limited (filed February 22, 2008; DI 3059), and Debtors' Motion for Order Pursuant to 11 U.S.C. § 363 Authorizing Purchase and Leaseback of Real Property Parcels in Raleigh, NC, Akron, OH, and Wooster, OH (filed June 16, 2008; DI 3363). *Nunc pro tunc* relief is requested because the financial advisor has been called to provide immediate advice and analysis in this regard.

(Remainder of Page Intentionally Left Blank)

WHEREFORE, the Committee respectfully requests that the Court enter an order in the form submitted herewith authorizing the Committee to retain Charter Oak as its financial advisor, *nunc pro tunc* to June 18, 2008.

Date: July 18, 2008

CAMPBELL & LEVINE, LLC

*/s/Mark T. Hurford*
Mark T. Hurford (No. 3299)
Kenneth L. Dorsney (No. 3726)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

- and –

Peter Van N. Lockwood
Ronald E. Reinsel
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*