# EXHIBIT 2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY and | ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES LIMITED, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE
BY AND BETWEEN THE FLINTKOTE COMPANIES AND
AVIVA INSURANCE COMPANY OF CANADA**

Having heard and considered the "Debtors' Motion for Order Approving Settlement

Agreement with Aviva Insurance Company of Canada" (the "Motion"), including the

"Settlement Agreement and Release by and between The Flintkote Companies and Aviva

Insurance Company of Canada" (the "Settlement Agreement"), which is attached as an exhibit to

the Motion, any objection(s) to the Motion, and any evidence and argument submitted in support

of or in opposition to the Motion; and after due deliberation and sufficient cause appearing

therefor; the Court hereby makes the following findings of fact and conclusions of law.

**I.      FINDINGS OF FACT**

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      Due and adequate notice of the Motion and of the hearing on the Motion was

given by mailing a copy of the Motion and notice of the hearing on the Motion to:  (i) counsel for

the Committee;[1] (ii) counsel for the FCR; (iii) all other persons and entities that, as of the date

the Motion was filed, had filed a notice of appearance or other demand for service of process in

the Bankruptcy Case; (iv) counsel to Debtors' insurers, including Aviva; (v) the United States

Trustee; and (vi) counsel to persons who, as of the date of the filing of the Motion, were known

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and the
Settlement Agreement.

to Debtors to have represented persons who asserted Asbestos Personal Injury Claims against one or both of the Debtors. In addition, further due and adequate notice of the Motion and of the hearing on the Motion was provided by Debtors' having published notice of the Motion and of the hearing on the Motion at least 21 days before the hearing, in the form attached as Exhibit 3 to the Motion, at least once in each of the following publications: The Wall Street Journal; USA Today; the Chicago Tribune; the St. Louis Post-Dispatch; The New York Times; the Los Angeles Times; the San Francisco Chronicle; The Dallas Morning News; the Houston Chronicle; The Philadelphia Inquirer-Daily News; and The Washington Post, and at least 14 days before the hearing, in the form attached as Exhibit 3 to the Motion, at least once in Mealey's Asbestos Litigation Reporter.

B.     Notice of the Settlement Agreement, the Motion, and the hearing on the Motion and an opportunity to be heard is sufficient to bind (1) the members of the Committee, (2) all parties-in-interest, (3) the FCR and all future claimants and Demand holders whose interests are represented by the FCR, (4) all other persons and entities who, as of the date the Motion was filed, had filed a notice of appearance or other demand for service of process in the Bankruptcy Case, (5) Debtors' insurers, including Aviva, (6) the United States Trustee, (7) persons who, as of the date the Motion was filed, were represented by counsel to whom Debtors mailed notice of the Motion and the hearing on the Motion, and (8) all persons who were properly notified by Debtors' publication of notice as described in paragraph A of this Order.

C.     This Order and each of its Findings and Conclusions are binding upon (1) the Reorganized Debtors and the Trust, as if they had been parties to the Settlement Agreement as of the Execution Date, (2) the members of the Committee, (3) all parties-in-interest, (4) the FCR and all future claimants and Demand holders whose interests are represented by the FCR, (5) all

other persons and entities who, as of the date the Motion was filed, had filed a notice of appearance or other demand for service of process in the Bankruptcy Case, (6) Debtors' insurers, including Aviva, (7) the United States Trustee, (8) persons who, as of the date the Motion was filed, were represented by counsel to whom Debtors mailed notice of the Motion and the hearing on the Motion, and (9) all persons who were properly notified by Debtors' publication of notice as described in paragraph A of this Order.

D.      The Settlement Agreement is the product of arms' length, good faith negotiations by and between (i) Flintkote and Flintkote Mines Limited (collectively, the "Debtors") and (ii) Aviva.

E.      The Parties have agreed that the Settlement Payment shall be used only for the payment of (a) Asbestos Personal Injury Claims, including any administrative expenses of the Qualified Settlement Fund or the Trust, and (b) Allowed Amounts of Unsecured Claims against the Debtors.

F.      The Known Aviva Policies are being sold to and transferred to Aviva free and clear of all Claims and interests in the Known Aviva Policies held by any Person and free and clear of all Claims by any Person that could give rise to a claim for defense, indemnity, or insurance coverage under the Known Aviva Policies, all of which Claims and interests shall attach to the Settlement Payment.

G.      Aviva is a good-faith purchaser of the Known Aviva Policies under Section 363(m) of the Bankruptcy Code.

H.      In light of the uncertainty regarding the timing of recovery and collection in, and the complexity of, the Coverage Litigation, as well as the expense of continuing litigation, the payments and other benefits received under this Settlement Agreement by the Debtors and, if

3

formed, the Trust, constitute a fair and reasonable settlement of the claims released and settled by the Debtors against Aviva.

I.     The Settlement Payment and other benefits conveyed under the Settlement Agreement to the Debtors constitute valuable and fair consideration  and reasonably equivalent value for the benefits received by Aviva under the Settlement Agreement.

J.     Upon receipt of the Settlement Payment by Flintkote or, if formed, the Trust, holders of Claims, liens, interests, or any other encumbrances with respect to the Known Aviva Policies may only assert their rights, if at all, only against the Settlement Payment.

K.     The FCR has expressly consented to entry of this Order on behalf of Persons and Entities holding Demands.

L.     The relief sought in the Motion is in the best interests of the Debtors, their respective estates, and their respective creditors.

M.     The legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for granting the relief sought in the Motion.

## II.     CONCLUSIONS OF LAW

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED in its entirety, and all objections to the Motion are overruled.

2.     The Settlement Agreement and its terms are approved in all respects.

3.     The Settlement Agreement is binding on all the Parties thereto and, upon the Effective Date, the Reorganized Debtors and the Trust, as if the Reorganized Debtors and the Trust had been parties to the Settlement Agreement as of the Execution Date.

4.      The Debtors are hereby authorized and empowered to take all necessary acts to carry out and implement the Settlement Agreement in accordance with the terms and conditions thereof.

5.      The Debtors are authorized to execute any other documentation and perform such other ministerial tasks as may be necessary to effect the Settlement Agreement.

6.      The releases given under the Settlement Agreement are approved, and the Releasors are authorized to release the Releasees pursuant to the terms of the Settlement Agreement.

7.      As set forth in the Settlement Agreement, actual receipt of the Settlement Payment by Flintkote or, if formed, the Trust, shall (a) terminate any and all obligations whatsoever of Aviva to the Debtors arising under or relating to the Known Aviva Policies, and bar any further Claims or requests for coverage under any and all coverages of the Known Aviva Policies that might be made by the Debtors or the Trust, and, without limiting the foregoing, shall (b) terminate any and all obligations whatsoever of Aviva to the Debtors related to Asbestos Personal Injury Claims arising under or related to the Aviva Policies, and bar any further Asbestos Personal Injury Claims or requests for coverage with respect to Asbestos Personal Injury Claims under any and all coverages of the Aviva Policies that might be made by the Debtors or the Trust.

8.      As set forth in the Settlement Agreement, actual receipt of the Settlement Payment by Flintkote or, if formed, the Trust, shall constitute a purchase by Aviva from the Debtors of any and all of the Debtors' rights and interests in the Known Aviva Policies, free and clear of any liens, claims and/or interests, within the meaning of Sections 363(b)(1) and (f) of the Bankruptcy Code, to the fullest extent permissible under the Bankruptcy Code and any other

applicable law. Accordingly, without the need for any further action, all rights, title and interest in the Known Aviva Policies shall be conveyed, assigned, and transferred to Aviva upon actual receipt of the Settlement Payment by Flintkote or, if formed, the Trust.

9. **Pursuant to Sections 105 and 363 of the Bankruptcy Code and subject to receipt of the Settlement Payment by Flintkote or, if formed, the Trust, all Persons and Entities who have held or asserted, who hold or assert, or who may in the future hold or assert a Claim or interest (including, without limitation, an Asbestos Personal Injury Claim) against any of the Known Aviva Policies (each, an "Enjoined Claim"), whenever or wherever arising or asserted (including all thereof in the nature of or sounding in tort, contract, warranty or any other theory of law, equity or admiralty), shall be and hereby are permanently stayed, restrained, and enjoined from asserting any such Enjoined Claims against Aviva and from continuing, commencing, or otherwise proceeding or taking any action against Aviva to enforce such Enjoined Claims, or for the purpose of directly or indirectly collecting, recovering or receiving payments from Aviva to recover with respect to any such Enjoined Claims. For the avoidance of doubt, (a) neither the Debtors nor the Trust is stayed, restrained, or enjoined from asserting any Claims that are not released in Section VI of the Settlement Agreement; and (b) Aviva may assert any and all defenses, Claims, interests, rights and remedies to or relating to any Claims that are not stayed, restrained, or enjoined.**

10. This Order shall not limit or preclude the entry or effectiveness of any injunction(s) that may be granted in connection with, or as part of, any order confirming the Plan, including, without limitation, any injunction that may be provided to Aviva with respect to

rights of contribution, subrogation, reimbursement, indemnification, or similar claim that any

other insurer may have or may in the future have against Aviva.

11.     The Trust, upon its creation, shall be bound to the terms of the Settlement

Agreement as if it had been a Party thereto as of the Execution Date thereof.

12.     Flintkote shall, within five (5) days after entry of this Order, file in the

Bankruptcy Case a plan modification or other appropriate document (a) designating Aviva as a

Settling Asbestos Insurance Company (as such term is defined in the Plan) and (b) designating

the Settlement Agreement as an Asbestos Insurance Settlement Agreement (as such term is

defined in the Plan), subject in each case to Flintkote or, if formed, the Trust receiving payment

of the Settlement Payment.

13.     This Order shall not afford any relief between the Parties greater than that

provided in the Settlement Agreement or otherwise inconsistent with that provided in the

Settlement Agreement.

14.     This Court shall retain exclusive jurisdiction to decide any dispute arising under

or related to, or any action brought to enforce the terms of, the Settlement Agreement.


Wilmington, Delaware
Dated: _____

                                                _____
                                                The Honorable Judith K. Fitzgerald
                                                United States Bankruptcy Judge

LA1 1817808v.2