IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE FLINTKOTE COMPANY and FLINTKOTE MINES LIMITED, | Case No. 04-11300-JKF (Jointly Administered) |
| Debtors. | **Related to Dkt Nos. 5097, 5155** |

## AVIVA'S RESPONSE TO IMPERIAL TOBACCO'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER APPROVING SETTLEMENT

ITCAN's objection to Debtors' $150 million settlement with Aviva appears to be premised on the assumption that if the proposed settlement is jettisoned, Aviva will simply agree to pay more. ITCAN points to nothing that would support such an assumption. And in fact, Aviva will not pay a penny more to settle its disputes with Debtors, as Aviva made clear during the course of an extended mediation with Plan Proponents. If the proposed settlement is not approved, the alternative will be the resumption of costly complex litigation in which Debtors bear significant risk of an ultimate no-coverage finding.

ITCAN argues that "[t]he California Court has established Aviva's liability" and "that Flintkote settled the Coverage Litigation at a deep discount moments away from the finish line." (ITCAN Obj. at 4.) In making these assertions, ITCAN presumes, incorrectly, that the parties are sprinting to a "finish line" that will be marked by the end of proceedings in the district court. In reality, if the settlement is not approved, Debtors and Aviva will be running a long-distance race, not a sprint. While the district court has issued a number of interlocutory rulings adverse to Aviva, Aviva has consistently and publicly asserted that once there is a final

order in the Coverage Litigation, it will appeal the district court's judgment to the Ninth Circuit.[1] In such an appeal, Debtors would bear a significant risk that any district court judgment adverse to Aviva would be reversed, resulting in either an outright finding that Aviva is not obligated to provide Debtors with any coverage, or a remand for further proceedings and a new trial.

In summary fashion, the rulings that Aviva believes are erroneous, and which Aviva would appeal if the settlement is not approved, include the following:

- <u>Flintkote Is Not A Named Insured Under The Aviva Policy</u>: The district court erred in finding that Flintkote is a "named insured" under the Aviva Policy. The Aviva Policy was issued in Canada by Aviva's predecessor to two other Canadian companies, The Flintkote Company of Canada, Ltd. and Flintkote Mines Ltd., to cover their Canadian operations. The annual premium for the Aviva Policy, which was only approximately $2,400 per year, was calculated based on the gross sales of Flintkote Canada and Flintkote Mines. The Aviva Policy was never intended to provide coverage to the parent company, Flintkote, which had its own separate primary and layered excess liability insurance program that provided hundreds of millions of dollars in separate coverage. The Aviva Policy was not part of Flintkote's separate insurance program. Flintkote's own litigation conduct

---

[1] In addition to repeatedly and directly advising Debtors and the other Plan Proponents of its intent to appeal, Aviva has said the same thing in pleadings filed in this Court. *See, e.g.*, Aviva Insurance Company Of Canada's Preliminary Objections To Plan Confirmation, Dkt. No. 3776 at 16 ("Once there is a final judgment, however, Aviva intends to appeal certain rulings, including (without limitation) the court's threshold ruling that Flintkote is insured under the Aviva Policy"), 25 ("Debtors sought and obtained a summary judgment ruling from the District Court in the San Francisco Action requiring Aviva to defend asbestos claims (current and future) asserted against them. That ruling is not yet appealable because other issues in that case remain for trial. Aviva intends, at the end of the case, to appeal the District Court's rulings, including its threshold ruling that Flintkote is an insured under the Aviva Policy").

demonstrates that Flintkote did not reasonably expect coverage under the Aviva Policy as a named insured, because when Flintkote sued its insurers for asbestos coverage in the early 1980s, it did not identify the Aviva Policy or include Aviva in that litigation. The district court improperly refused to consider contemporaneous underwriting evidence that supported Aviva's arguments. If Aviva were to prevail on this argument, Flintkote would be without coverage from Aviva for asbestos claims.

- <u>Aviva Is Not Subject To Personal Jurisdiction</u>: The district court erred in finding that Aviva is subject to that court's *in personam* jurisdiction. The court bootstrapped its jurisdictional ruling from its erroneous conclusion that Aviva issued coverage to Flintkote. The court also considered factors that were legally irrelevant, such as the fact that claims were asserted against Flintkote in California. In fact, Aviva's predecessor sold a policy in Canada to two Canadian companies, and had no contact with California with respect to that policy. Nor did Aviva have other general contacts with California sufficient to allow the federal court to exercise personal jurisdiction over Aviva.

- <u>The District Court's "Premature Exhaustion" Ruling Was Error</u>: The district court erred in allowing Flintkote to pursue against Aviva both (i) a direct damage claim, based upon the alleged premature exhaustion of other Flintkote insurers' policy limits by payment of asbestos claims for which Aviva was allegedly responsible under the Aviva Policy, and (ii) a claim based on an assignment of those Flintkote insurers' alleged rights against Aviva for contribution of amounts paid by those insurers for asbestos claims against Flintkote. There is simply no precedent for a "premature exhaustion" theory, and by allowing Flintkote to seek damages from Aviva based upon an alleged premature exhaustion of policies and also as an assignee of insurers who paid claims purportedly covered by the

Aviva Policy, the district court is improperly permitting Flintkote to obtain a double recovery from Aviva.

- <u>Flintkote Lacks Standing to Sue Aviva as the Assignee of Other Flintkote Insurers</u>: The district court erred in permitting Flintkote to assert claims against Aviva as the alleged assignee of other Flintkote insurers' contribution claims against Aviva based on the Wellington Agreement. Under California law, an assignment of claims is not valid unless it completely relinquishes the assignor's right to pursue a claim. But the Wellington Agreement does not constitute a complete relinquishment of the signatory insurers' rights to pursue contribution and subrogation claims against non-signatory insurers (such as Aviva), and nothing in the Wellington Agreement provides for the assignment of any insurer's contribution claims to Flintkote. There was, therefore, no valid assignment to Flintkote of any Flintkote insurer's alleged contribution claims against Aviva.

- <u>The Court Erred Regarding The "Specific vs. General Excess Coverage" Issue</u>: To the extent that the Aviva Policy provides coverage to Flintkote for its own asbestos liability, the losses claimed under the Aviva Policy must be shared by Flintkote's excess policies. The district court improperly ruled that in order for an excess policy to share in the coverage, that excess policy must specifically identify the underlying and primary policies that would share the liability, regardless of the number of levels of coverage that exist between the primary policy and the subject excess policy. There is no support for this requirement anywhere in the law. This erroneous and unprecedented ruling by the district court had the effect of excluding 102 of Flintkote's 118 excess policies from sharing in the losses claimed by Flintkote under the Aviva Policy, such that Aviva would improperly be forced to bear far more of Flintkote's claimed loss than it otherwise should.

- <u>The Court's Rulings Limiting The Testimony Of Aviva's Damages Expert Constitutes Error</u>: The district court erred in partially excluding the testimony of Aviva's damages expert, Dr. Charles Mullin of Bates White, on the grounds that Aviva should not be permitted to second-guess the manner that Flintkote maintained its asbestos claims database because, in the district court's view, Aviva should have joined in Flintkote's defense of asbestos claims and thus contemporaneously monitored the database and the manner in which it was kept. The district court's rationale cannot be reconciled with unrefuted evidence that Flintkote did not ask Aviva to defend asbestos claims against it during the applicable time frame. Notwithstanding the district court's erroneous ruling, the expert testimony that Dr. Mullin would present during trial in the Coverage Litigation would significantly reduce the amount of Flintkote's damages claim. Specifically, his exhaustive review of Flintkote's asbestos claims database demonstrated that less than half of the claims presented by Flintkote as part of its claim would actually trigger coverage under the Aviva Policy, because the Aviva Policy only covers the years 1958-1960. Further, Aviva's estimated exposure must be further limited by the Aviva Policy's per-claim limit of $100,000, its per-occurrence limit of $200,000, and contribution from Flintkote's other insurance. Dr. Mullin has opined that the damages actually attributable to Aviva, even if the district court's flawed order regarding the allocation to excess policies is accepted, are in the range of only $45-50 million. Dr. Mullin's anticipated testimony would, therefore, significantly limit the amount of claimed damages that Flintkote could recover from Aviva to an amount far below the settlement amount.

As a result of these appellate arguments and others, ITCAN has no basis to assume that Debtors were about to sprint across the finish line. In fact, the parties were just

settling in for a long race that was certain to go on for years. If Aviva prevailed on appeal, either Aviva would be declared the race winner by the Ninth Circuit, or the parties would have to run the entire race all over again.

In sum, Aviva's appeal to the Ninth Circuit could significantly delay any recovery for Flintkote and its creditors under the Aviva Policy, and the outcome of that appeal could severely reduce, if not eliminate entirely, any recovery for Flintkote under the Aviva Policy. The settlement agreement is the extensively negotiated result of six mediation sessions and countless other arms-length settlement discussions among Debtors, the Asbestos Claimants' Committee, the Future Claimants' Representative, and Aviva, and strikes a delicate balance of the parties' competing positions in the Coverage Litigation.

ITCAN also overlooks the fact that the settlement resolves Aviva's objections to confirmation of the plan. Although Aviva raised some confirmation objections asserted by other parties, including ITCAN, it also raised several issues that no other objector asserted. The settlement resolves all of Aviva's objections, thereby smoothing Debtors' path to confirmation.

For the reasons set forth above, in the Plan Proponents' Reply to ITCAN's Limited Objection, and in the Motion, this Court should approve the settlement agreement.

Dated: July 12, 2010  Respectfully submitted,

/s/ *Brian L. Kasprzak*
Brian L. Kasprzak (No. 3846)
Michael F. Duggan (No. 3269)
MARKS, O'NEILL, O'BRIEN AND COURTNEY, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
Telephone: (302) 658-6538
Facsimile: (302) 658-6537

Mark D. Plevin
Leslie A. Davis
Tacie H. Yoon
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Aviva Insurance Company of Canada

12489666.02