IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY and | ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES LIMITED, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: September 13, 2010 at 9:15 a.m. |
| | ) | Objection Deadline: August 27, 2010 by 4:00 p.m. |

## IMPERIAL TOBACCO CANADA LIMITED'S MOTION FOR LEAVE TO ALLOW OUT OF TIME FILING OF A PROOF OF CLAIM

Imperial Tobacco Canada Limited ("ITCAN") moves for Leave to Allow Out of Time Filing of a Proof of Claim, pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Motion"), and in support thereof respectfully states as follows:

### INTRODUCTION

1. ITCAN files this Motion so that it may file certain claims against the Debtors, as described below. As a result of a very recent change in Third Circuit law set forth in *Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, No. 09-1563, slip. op. (3d Cir. June 2, 2010), ITCAN is now able to assert claims that were barred by the prior Third Circuit precedent of *Avellino & Biens v. M. Frenville Co. (In re Frenville Co.)*, 744 F.2d 332, 336 (3d Cir. 1984). Accordingly, ITCAN has filed the Motion for permission to assert these now-permissible claims.

### BACKGROUND OF THE CASE

2. On May 1, 2004, The Flintkote Company ("Flintkote") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, and its affiliate, Flintkote Mines Limited (with Flintkote, the "Debtors"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on August 25, 2004.

2750970

3. The Debtors have continued to operate and maintain their businesses as debtors and debtors-in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 28, 2004, the Debtors filed their schedules and statements of financial affairs (the "Schedules") (D.I. 68-73). The Debtors did not list any claims held by ITCAN.

5. On October 13, 2004, the Court entered an Order establishing January 31, 2005 as the deadline for filing proofs of claim against the Debtors (the "Claims Bar Date") (D.I. 317).

6. On September 2, 2008, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the Disclosure Statement Regarding the Original Amended Plan, as defined below. On June 22, 2009, the Debtors filed the Amended Joint Plan of Reorganization in Respect of The Flintkote Company and Flintkote Mines Limited (as Modified) (the "Plan") (D.I. 4328), along with a supplemental document (the "Supplemental Disclosure Document") detailing the minor modifications made to the Amended Joint Plan of Reorganization in Respect of The Flintkote Company and Flintkote Mines Limited dated July 3, 2008 (the "Original Amended Plan") (D.I. 3601). The Bankruptcy Court approved the Supplemental Disclosure Document on July 30, 2009 (D.I. 4327).

7. The confirmation hearing regarding the Plan is currently scheduled to begin on October 26, 2010.

8. The Debtors continue to reconcile claims against their estates.

## BACKGROUND OF CLAIM

A. **Alter Ego Contribution and Indemnity Claim**

9. On April 5, 2006, Flintkote and certain asbestos claimants commenced litigation in the Superior Court of the State of California for the County of San Francisco styled as Hopkins v. Plant Insulation Co. et al., which litigation was docketed and remains pending in that

Court as Case No. CGC-06-450944 (the "Litigation"). In the Litigation, Flintkote and the other plaintiffs, including certain asbestos claimants, seek a determination that ITCAN was or is the alter ego of Flintkote.

10. ITCAN asserts a contingent claim for contribution and indemnity against Flintkote to the extent any party recovers against ITCAN on the grounds that it was or is Flintkote's alter ego (the "Alter Ego Contribution and Indemnity Claim").

B. **Environmental Claims**

11. On June 3, 2010, ITCAN received a demand letter (the "Demand Letter"), from the New York State Department of Environmental Conservation (the "NYDEC"), alleging, among other things, that ITCAN is a potentially responsible party for "a release and/or threatened release of 'hazardous substances' as defined by the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. 9601 et seq. ('CERCLA') and the presence of 'hazardous wastes' as defined in [New York] Environmental Conservation Law (ECL) 27-1301.1 at property known as Eighteen Mile Creek Corridor, 62, 70, 198 & 300 Mill Street, Lockport, New York" (the "Property"). A copy of the Demand Letter is attached hereto as Exhibit A.

12. ITCAN has never owned or operated the Property. On information and belief, Flintkote once owned and operated the Property as part of its business.

13. Pursuant to the Demand Letter, the NYDEC seeks a response from ITCAN as to whether ITCAN is willing to conduct or finance the environmental remediation of the Property, or in the alternative, the NYDEC asserts that it will be "required to seek recovery from the site responsible parties for any expenses it incurs in conducting such [remedial] activities, in which

event this letter also serves as a demand for payment of all monies the Department may expend for the investigation and remediation of" the Property.

14. To date, ITCAN has incurred costs in an amount not less than $9,489.50 as part of its ongoing investigation and diligence regarding the identity of the party or parties that are responsible for the alleged condition of the Property as set forth in the Demand Letter. ITCAN holds a claim against the Debtors under CERCLA § 107, among other theories or recovery, in an amount not less than $9,489.50, which amount will increase as ITCAN continues to incur costs and expenses in connection with the Demand Letter (the "Section 107 Claim").

15. Because Flintkote—not ITCAN—was the one-time owner and operator of the Property and would have been the party that contributed to the environmental contamination of the Property if such contamination did or does, in fact, exist, ITCAN has a contingent claim against the Debtors for contribution and indemnity to the extent that ITCAN is required to expend any monies to remediate any environmental contamination at the Property (the "Contingent Environmental Claim").

### C. Change in Third Circuit Law Regarding Claims

16. ITCAN has consistently maintained that under the precedent in *Avellino & Biens v. M. Frenville Co. (In re Frenville Co.)*, 744 F.2d 332, 336 (3d Cir. 1984), it could not file its contingent claims for which it did not have a right to payment, including, without limitation, the Alter Ego Contribution and Indemnity Claim and the Contingent Environmental Claim.

17. On June 2, 2010, the Third Circuit overturned *Frenville*, thus permitting ITCAN to have a "claim" that could be filed. *See Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, No. 09-1563, slip. op. (3d Cir. June 2, 2010). ITCAN filed this Motion as soon as practicable after analyzing this change in Third Circuit law.

## JURISDICTION

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

19. ITCAN requests the entry of an Order authorizing it to late file a proof of claim and deeming the proof of claim to be timely filed. ITCAN's proposed proof of claim is attached hereto as Exhibit B. A proposed form of order is attached hereto as Exhibit C.

## BASIS FOR RELIEF

20. The United States Supreme Court has held that a bankruptcy court may extend, for cause, a bar date to permit a late filing if the failure to comply with the deadline was the result of excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The Court explained that Congress, by and through Federal Rule of Bankruptcy Procedure 9006(b)(1), "plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The Court noted that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

21. The Court in *Pioneer* established several factors for a Bankruptcy Court to consider in determining whether excusable neglect exists. These factors are: (1) the danger of prejudice to the debtor, (2) the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the

movant acted in good faith. *Id.* at 395. "All factors must be considered and balanced; no one factor trumps the others." *In re Garden Ridge Corp.*, 348 B.R. 642, 645 (Bankr. D. Del. 2006).

22. Each of the four factors above weighs in favor of this Court granting ITCAN leave to file its proof of claim. However, most notable and compelling in this instance is that the timing of ITCAN's claim is the direct result of a very recent change in Third Circuit precedent. ITCAN has consistently maintained that under the precedent in *In re Frenville*, 744 F.2d 332, 336 (3d Cir. 1984), it could not file the Alter Ego Contribution and Indemnity Claim.[1] As noted above, the Third Circuit's *Grossman's* opinion overturns *Frenville*, and ITCAN's claims are now proper. ITCAN had no control over the state of Third Circuit precedent, but it has acted promptly, and in good faith, in light of the change in law brought about by *Grossman's*.[2]

*[Remainder of page intentionally left blank]*

---

[1] The same could be said about the Contingent Environmental Claim because a right to payment does not yet exist. Further, ITCAN did not become aware of this claim until it received the Demand Letter.

[2] ITCAN has also acted promptly and in good faith with respect to the Section 107 Claim, which only began accruing after its receipt of the Demand Letter.

## CONCLUSION

WHEREFORE, ITCAN respectfully requests that the Court grant ITCAN's Motion, and order that ITCAN's proof of claim be considered timely-filed and grant such other and further relief as is just and proper.

Dated: July 13, 2010

**MORRIS JAMES LLP**

*/s/ Stephen M. Miller*
Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6853
Facsimile: (302) 571-1750
E-mail: smiller@morrisjames.com
emonzo@morrisjames.com

and

**KING & SPALDING LLP**
James A. Pardo, Jr.
Mark M. Maloney
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5129
E-mail: jpardo@kslaw.com
mmaloney@kslaw.com

*Counsel for Imperial Tobacco Canada Limited*